### Collier v. Commonwealth.

(Decided June 12, 1925.)

## Appeal from Letcher Circuit Court.

1. Intoxicating Liquors—Question of Defendant's Guilt Held for Jury.—In prosecution for manufacturing intoxicating liquor, question of defendant's guilt held for jury.
2. Intoxicating Liquors—Verdict of Guilty of Manufacturing held Not Flagrantly Against the Evidence.—In prosecution for manufacturing intoxicating liquor, verdict of guilty held not flagrantly against the evidence.
3. Criminal Law—Refusal to Grant New Trial for Newly Discovered Evidence Held Not Erroneous.—In liquor prosecution, refusal to grant new trial for newly discovered evidence held not erroneous, where there was no showing of diligence, and alleged newly discovered evidence was cumulative and not calculated to change results on another trial.

FELIX G. FIELDS for appellant.

FRANK E. DAUGHERTY, Attorney General, and CHARLES F. CREAL, Assistant Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

Appellant complains of his conviction of illegally manufacturing intoxicating liquor. His first contention is that the verdict is flagrantly against the evidence. He and one Sturgill were arrested at a moonshine still that was in operation when same was raided by officers, and appellant's reputation in that respect is shown, without contradiction, to be bad. He was captured and arrested before he became aware of the presence of the officers, and while they did not see him engaged in any act con-

nected with the still's operation, they state he tried to jerk loose when arrested, and that the third member of the party, Martin Whitson, ran and made good his escape before they could reach him.

The still was located in a hollow, and about equidistant from the homes of appellant and Whitson. Appellant proved by himself and Sturgill that only Whitson, who is a fugitive from justice, was interested or engaged in operating the still, that appellant had been there only a few minutes, and came simply to deliver a message to Whitson from his father. Their testimony as to the time appellant had been at the still was corroborated by two other witnesses, whose evidence, if true, showed appellant could not have been at the still but little, if any, longer than he and Sturigll stated. So while the evidence that appellant was actually engaged or interested in the operation of the still was wholly circumstantial and not conclusive, his guilt or innocence was clearly a question for the jury upon all of the evidence, and we cannot say that their verdict of guilty is flagrantly against the evidence simply because they accepted as true a reasonable inference from the admitted circumstances, rather than the explanation thereof offered by appellant and Sturgill, even though their explanation was not unreasonable and was partially corroborated by other and seemingly disinterested witnesses.

Complaint is also made of the refusal to grant a new trial for newly discovered evidence, but this is clearly without merit, since there was not only no showing of diligence, but the alleged newly discovered evidence was cumulative merely, and not of a character calculated to change the result upon another trial.

Judgment affirmed.